

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

Honorable J. M. Williams
County Auditor
Tarrant County
Fort Worth, Texas

Dear Sir:

Opinion No. O-4557
Re: Legality of commissioners' court
employing a board of equalization
composed of qualified real estate
men in Tarrant County.

Your letter of April 21, 1942, requesting the opinion of this department upon the above stated question reads in part as follows:

"Please give us an opinion on Article 7206 where Commissioners sit as a Board of Equalization.

"Tarrant County's valuations do not seem to be in accord with the City of Fort Worth's equalizations, therefore, would it be within the law for the Commissioners' Court to employ a Board of Equalization composed of qualified real estate men in Tarrant County?"

Apparently you desire our opinion as to whether the commissioners' court can legally employ skilled experts to value for taxation purposes property in your county generally. We do not think that your inquiry presents a proposition as to whether or not the commissioners' court may legally employ a number of persons to compose a board of equalization to act in lieu of the commissioners' court sitting as a board of equalization.

The duties and powers of the commissioners' court, sitting as a board of equalization, are enumerated in Title 122, Chapter 7, more particularly Articles 7206, 7211 and 7212, Vernon's Annotated Civil Statutes. The commissioners' court may validly employ skilled experts to value for taxation purposes property in special instances, where technical equipment is required. (Marquart v. Harris County, 117 S.W. (2d) 494). The case of Roper v. Hall, 280 280 S.W. 289, holds in effect that the commissioners' court of Freestone County had the implied power and authority to employ a firm of tax engineers to value certain oil properties.

In the case of Marquart v. Harris County, supra, referring to Articles 7206, 7211 and 7212, Vernon's Annotated Civil Statutes, it is stated:

"Under them it would seem never to have been contemplated that the board of equalization should act upon anything other than the assessments first rendered to them by the tax assessor-collector, and not initially upon their own motion."

It will be noted that by virtue of Article 7206 the commissioners' court, sitting as a board of equalization, shall cause the assessor to bring before them at such meeting all said assessment lists, books, etc. for inspection, and see that every person has rendered his property at a fair market value, and shall have power to send for persons, books and papers, swear in and qualify persons, ascertain the value of such property, and lower or raise the value of the same.

It will be observed that Article 7212, Vernon's Civil Statutes, provides in effect that the board of equalization shall have power, and it is made their official duty, to supervise the assessment of their respective counties, and, if satisfied that the valuation of any property is not in accordance with the laws of this State, to increase or diminish the same and to affix a proper valuation thereto as provided for in Article 7211; and it is the further duty of such court to call before it such persons as in its judgment may know the market value or true value of such property, as the case may be, by proper process, who shall testify under oath the character, quality and quantity of such property, as well as the value thereof. And the commissioners' court, after hearing the evidence, shall fix the value of such property in accordance with the evidence so introduced, and as provided for in Article 7211; and their action in such case or cases shall be final.

We have failed to find any statute or court opinion authorizing and empowering the commissioners' court, either expressly or by implication, to employ any person or persons in the capacity mentioned in your inquiry. Therefore, we answer the above stated question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant

APPROVED MAY 5, 1942
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B W B
Chairman

AW:AMM:egw